**EXHIBIT A**

Case 5:10-cv-01973-HRL Document1-1 Filed05/06/10 Page1 of 17

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ASTERION, INC., a corporation, BARRY
BLANCHA, an individual, DOE ONE through DOE
FIFTY, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RON THOMAS

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Benito
440 Fifth Street
Hollister, CA 95023

**CASE NUMBER:** CU-10-00058

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RANDALL M. WIDMANN — Law Offices of Randall M. Widmann
2479 E. Bayshore Road Suite 703      (650) 424-8400
Palo Alto, CA 94303

DATE: MAR 2 2 2010          Clerk, by OSCAR RIVERA, Deputy
(Fecha)                     (Secretario)                (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]


ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

RON THOMAS

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| RANDALL M. WIDMANN                                73154<br>Law Offices of Randall M. Widmann<br>2479 E.Bayshore Road Suite 703<br>Palo Alto, CA 94303<br>TELEPHONE NO.: (650) 424-8400   FAX NO.: (650) 617-6888<br>ATTORNEY FOR (Name): Plaintiff, RON THOMAS | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BENITO<br><br>MAR 22 2010<br><br>BY OSCAR RIVERA<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BENITO
STREET ADDRESS: 440 Fifth Street, Rm. 205
MAILING ADDRESS:
CITY AND ZIP CODE: Hollister, CA 95023
BRANCH NAME:

CASE NAME: THOMAS v. ASTERION, INC., ET AL.

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: CU-10-00058<br><br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* SIX (6)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 16, 2010

RANDALL M. WIDMANN
(TYPE OR PRINT NAME)                         ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | Martin Dean's<br>ESSENTIAL FORMS™ | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

RON THOMAS

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)-Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice- Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court Case Matter
    Writ-Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]   Martin Dean's ESSENTIAL FORMS™   **CIVIL CASE COVER SHEET**   Page 2 of 2

RON THOMAS

1  
2  Law Offices of  
3  RANDALL M. WIDMANN  
   RANDALL M. WIDMANN, St. #73154  
4  2479 E. Bayshore Rd., Suite 703  
   Palo Alto, California 94303  
5  (650) 424-8400  
6  Attorney for Plaintiff,  
   RON THOMAS  
7  

**FILED**  
SUPERIOR COURT OF CALIFORNIA  
COUNTY OF SAN BENITO  

MAR 2 2 2010  

BY **OSCAR RIVERA**  
DEPUTY CLERK  

8  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA  
9  IN AND FOR THE COUNTY OF SAN BENITO  

10  
11  RON THOMAS,                          )  No. **CU-10-00058**  
                                         )
12         Plaintiff,                    )  COMPLAINT FOR FRAUD,
                                         )  NEGLIGENT MISREPRESENTATION,
13  vs.                                  )  BREACH OF CONTRACT AND IMPLIED
                                         )  COVENANT, INTERFERENCE WITH
14  ASTERION, INC., a corporation,       )  ECONOMIC ADVANTAGE,
    BARRY BLANCHA, an individual,        )  PROMISSORY ESTOPPEL AND FOR
15  DOE ONE through DOE FIFTY,           )  DAMAGES AND INJUNCTIVE RELIEF
    inclusive,                           )
16                                       )
17         Defendants.                   )
                                         )
18  _____ )

19  
            **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20      1. Plaintiff is informed and believes and thereon alleges that Defendant, ASTERION,

21  INC. [Asterion], is a corporation which is not authorized to do business in the State of California

22  
23  but is doing business in California.

24      2. At all times herein mentioned, Defendant, BARRY BLANCHA [Blancha] was the

25  President of Defendant, Asterion.

26      3. Unless otherwise noted herein, each of the Defendants herein was the agent or

27  
28  **COMPLAINT**                                                                              1

employee of each of the remaining Defendants and in doing the things hereinafter alleged, was acting within the course and scope of said agency or employment.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOE ONE through FIFTY, inclusive, are unknown to Plaintiff who, therefore, sues such Defendants by such fictitious names, and who will amend this Complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these Defendants is responsible in some manner for the events and happenings herein referred to and thereby proximately caused the injuries and damages to Plaintiff as herein alleged.

5. In March of 2008, Plaintiff was employed by DSL Labs. At that time Plaintiff engaged in discussions with Defendants, Asterion and Blancha, about a position with Asterion. Asterion and Defendant, Blancha, informed Plaintiff that Asterion's product, a testing device which it wanted Plaintiff to sell, was fully operational and that engineering support was in place. Based on the representations and with an eye toward potentially earning more than he was making at DSL, Plaintiff left DSL and accepted Asterion's offer of employment and entered into a written employment agreement, a copy of which is attached as Exhibit A. As part of his compensation, Plaintiff was told he would earn a commission on sales he made of Asterion's product. The contract was entered into in Hollister, California. Plaintiff was to work out of his home in Hollister, California.

6. On or about December 15, 2008, Plaintiff sold one of Defendant, Asterion's, products to a company called Intersil Corp. Thereafter, Asterion shipped the product to Intersil. The product was not complete and did not operate as represented either to Mr. Thomas or the

COMPLAINT                                                                                         2

customer. Several failures of the equipment occurred and Asterion's engineering support was inadequate and unable to fix the problems. Intersil then refused to pay for the product and cancelled the order.

### FIRST CAUSE OF ACTION
(Fraud - Fraudulent Concealment)

7. Plaintiff refers to paragraphs 1 through 6 of his **Allegations Common to All Causes of Action** and incorporates them herein by reference as though fully set forth again herein.

8. Defendants, Asterion and Blancha, concealed from Plaintiff that Asterion's product was not operational as represented and that engineering support was inadequate to address problems with the product. Had Plaintiff known that Defendants, Asterion and Blancha, had concealed from him that the product was not operational as had been represented and that engineering support was inadequate to address problems with the product he would not have left DSL's employ and would not have accepted employment with Asterion.

9. As a direct and proximate result of the concealment, failure to inform and representations of Defendants, Asterion and Blancha, Plaintiff has:

    A. Been damaged in an amount equal to the salary, monies, bonus monies, stock and benefits he would have received at DSL had he not left to go to work for Asterion;

    B. Sustained damage to his employment career history and plan;

    C. Sustained damage to his professional reputation;

    D. Sustained damages in the form of emotional distress and mental anguish.

The exact amount of the aforesaid damages is not yet fully ascertained but is within the jurisdictional limits of this Court and will be established according to proof at time of trial.

COMPLAINT

3

10. The actions and failures to act of Defendants, Asterion and Blancha, were done wilfully, with malice, oppression, and fraud and in conscious disregard of Plaintiff's rights and with the intent to defraud, vex, annoy and harass Plaintiff and Plaintiff is thereby entitled to exemplary and punitive damages from said Defendants in an amount according to proof.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth;

## SECOND CAUSE OF ACTION
(Negligent Misrepresentation)

11. Plaintiff refers to paragraphs 1 through 6 of his **Allegations Common to All Causes of Action** and paragraphs 8 through 9 of his **First Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

12. Defendants, Asterion and Blancha, had in their possession information which would materially affect Plaintiff's decision to give up his job at DSL and to enter into Exhibit A. Defendants knew that their failure to inform Plaintiff would mislead Plaintiff and induce him to enter into Exhibit A, giving up substantial rights and interests arising from his employment at DSL.

13. As a direct and proximate result of the concealment, failure to inform and representations of Defendants, Asterion and Blancha, Plaintiff has:

   A. Been damaged in an amount equal to the salary, monies, bonus monies, stock and benefits he would have received at DSL had he not left to go to work for Asterion;

   B. Sustained damage to his employment career history and plan;

   C. Sustained damage to his professional reputation;

   D. Sustained damages in the form of emotional distress and mental anguish.

The exact amount of the aforesaid damages is not yet fully ascertained but is

COMPLAINT                                                                4

within the jurisdictional limits of this Court and will be established according to proof at time of trial.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth;

### THIRD CAUSE OF ACTION
(Interference With Economic Advantage)

14. Plaintiff refers to paragraphs 1 through 6, **Allegations Common to All Causes of Action**, paragraphs 8 through 10 of his **First Cause of Action** and paragraphs 12 through 13 of his **Second Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

15. Defendants, Asterion and Blancha, at all times herein mentioned, knew that Plaintiff was employed by DSL and that he was receiving income, bonuses and benefits from his employer.

16. Plaintiff is informed and believes and thereon alleges that said Defendants purposefully and intentionally caused Plaintiff to terminate his employment with his employer and take a position with Asterion which they knew was not as they represented to Plaintiff in that they concealed from Plaintiff that the product Plaintiff was to sell was not operational as they represented and that engineering support was inadequate to address problems with the product.

17. As a direct and proximate result of the fraudulent promises, concealment and representations of Defendants, Asterion and Blancha, Plaintiff has:

   A. Been damaged in an amount equal to the salary, commissions, monies, bonus monies, stock and stock options, interests and benefits he would have received at DSL had he not been induced to quit that employment and take employment with Defendant, Asterion;

   B. Sustained damage to his employment career history and plan;

COMPLAINT

5

C. Sustained damage to his professional reputation;

D. Sustained damages in the form of emotional distress and mental anguish.

The exact amount of the aforesaid damages is not yet fully ascertained but is within the jurisdictional limits of this Court and will be established according to proof at time of trial.    18. The actions of Defendants were done wilfully, fraudulently, maliciously, oppressively, and in conscious disregard of Plaintiff's rights and with the intent to vex, annoy, harass, and injure Plaintiff, and Plaintiff is, therefore, entitled to recover exemplary and punitive damages from said Defendants in an amount according to proof.

## FOURTH CAUSE OF ACTION
( Breach of Contract and Implied Covenants)

19. Plaintiff refers to paragraphs 1 through 6, **Allegations Common to All Causes of Action**, paragraphs 8 through 10 of his **First Cause of Action**, paragraphs 12 through 13 of his **Second Cause of Action** and paragraphs 15 through 17 of his **Third Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

20. There arose as part of Plaintiff's contract of employment with Defendant, Asterion, as set forth hereinabove an implied covenant that Asterion would act in good faith and in the most reasonable manner toward Plaintiff in ensuring that Plaintiff would be protected from harm, including harm from unlawful acts including fraud and to ensure that Plaintiff would receive all of the benefits and wages to which he was entitled.

21. Plaintiff performed all of the conditions and covenants on his part to be performed.

22. Said Defendant breached its contract of employment acting as aforesaid and not honoring the terms of the agreement by supplying Plaintiff with a product to sell that was not as represented to either the Plaintiff or to the customer and by not providing sufficient engineering

**COMPLAINT**                                                                              6

support to correct problems with the product once it was shipped to customers.

23. As a direct and proximate result of said Defendant's actions Plaintiff has been damaged as follows:

    A. Been damaged in an amount equal to the salary, monies, bonus monies, interests and benefits he would have received had Defendant, Asterion, not breached its agreement with Plaintiff;

    B. Sustained damage to his employment career history and plan;

    C. Sustained damage to his professional reputation;

The exact amount of the aforesaid damages is not yet fully ascertained but is within the jurisdictional limits of this Court and will be established according to proof at time of trial.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth;

### FIFTH CAUSE OF ACTION
(Promissory Estoppel)

24. Plaintiff refers to paragraphs 1 through 6, **Allegations Common to All Causes of Action**, paragraphs 8 through 10 of his **First Cause of Action**, paragraphs 12 through 13 of his **Second Cause of Action**, paragraphs 15 through 17 of his **Third Cause of Action**, paragraphs 20 through 23 of his **Fourth Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

25. In asking and agreeing with Plaintiff that he become an employee of Asterion Defendant knew that Plaintiff would be reasonably induced to quit his employment at DSL in the expectation of being compensated for his services and paid and reimbursed as represented including being able to receive commissions on an operational product with sufficient

**COMPLAINT**                                                          7

engineering support to resolve any problems with the product should they arise.

26. Plaintiff reasonably relied on Defendants' assurances as aforesaid and acted as aforesaid.

27. Defendant, Asterion, concealed from Plaintiff material facts as aforesaid and failed to perform its promises and terminated Plaintiff without allowing Plaintiff to receive the compensation he would have had the promises to him been truthful.

28. As a direct and proximate result of Defendant not performing its promises as aforesaid, Plaintiff has been damaged by virtue of loss of his commissions, salary, employment benefits, the loss of income from his employment with DSL and with Asterion, sustained damages in the form of emotional distress and mental anguish and has been damaged in his career history and path all in an amount subject to proof at time of trial.

29. Justice can only be served by enforcing Defendant's, Asterion's, promises completely as represented.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth;

## SIXTH CAUSE OF ACTION
(Violation of Statute)

30. Plaintiff refers to paragraphs 1 through 6, **Allegations Common to All Causes of Action**, paragraphs 8 through 10 of his **First Cause of Action**, paragraphs 12 through 13 of his **Second Cause of Action**, paragraphs 15 through 17 of his **Third Cause of Action**, paragraphs 20 through 23 of his **Fourth Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

31. The actions of Defendant, Asterion, as set forth herein constitute violations of sections 17200, et seq. of the California Business and Professions Code. Plaintiff is informed

COMPLAINT                                                                                                  8

and believes that said Defendant will continue to act as aforesaid in fraudulently inducing employees to leave their employment and come to work for it.

32. Plaintiff is entitled a preliminary and permanent injunction enjoining Defendant, Asterion, from continuing to act as aforesaid.

WHEREFORE, Plaintiff prays judgment as follows:

### FIRST AND THIRD CAUSES OF ACTION

1. Compensatory, general and special damages according to proof at time of trial;
2. Punitive damages;
3. Prejudgment interest on all damages;
4. Costs of suit incurred herein;
5. Such other and further relief as the Court may award.

### SECOND CAUSE OF ACTION

1. Compensatory, general and special damages according to proof at time of trial;
2. Prejudgment interest on all damages;
3. Costs of suit incurred herein;
4. Such other and further relief as the Court may award.

### FOURTH AND FIFTH CAUSES OF ACTION

1. Compensatory, general and special damages according to proof at time of trial;
2. Interest on all damages;
3. Costs of suit incurred herein;
4. Such other and further relief as the Court may award.

COMPLAINT

9

## SIXTH CAUSE OF ACTION

1. A preliminary and permanent injunction entered against Defendant, Asterion, enjoining it from unlawfully and fraudulently inducing employed persons from going to work for it based on false claims that its products are operational and are supported by adequate customer support to resolve any problems with the products;

2. Costs of suit incurred herein;

3. Such other and further relief as the Court may award.

DATED: 3/16/10

LAW OFFICES OF RANDALL M. WIDMANN

By _____
RANDALL M. WIDMANN
Attorney for Plaintiff

**COMPLAINT**                                                                 10



March 20, 2008

Mr. Ron Thomas
1699 Monte Vista Drive
Hollister, CA 95023

Dear Ron:

Asterion is pleased to offer you the position of Business Development Sales, reporting to Don R. May, Vice President of Sales. The position annual salary is $120,000 plus a $600 per month car allowance. In addition, you will be eligible to participate in the Asterion Sales Commission Plan, which will be provided to you as a separate document. As an exempt employee, you will not receive overtime pay.

Repsonsibilties include, but are not limited to, those essential functions as reviewed in our previous discussion(s) and will focus on initial business development activities for Asterion and account management functions as business relationship(s) are established. As a start-up company, Asterion's primary focus for a minimum of the next 1-2 years will be business and account development and the establishment of Asterion as a global source for analog and mixed-signal ATE equipment.

Asterion offers a full range of benefits. You will be eligible for these benefits, subject to all eligibility and contribution requirements. If you have specific questions related to any particular benefit, please contact Ritsuko Someya, our Boston office administrator.

Current vacation policy entitles you to 20 days of Paid Time Off (PTO) annually, which accrues at a rate of 1.67 days per month.

This offer of employment is conditioned on your acknowledging and signing this offer letter. It is also conditioned on your acknowledging and signing certain agreements, including Asterion's Confidentiality and Non-disclosure Agreement, and an acknowledgement of receipt of a copy of the Asterion Employee Handbook.

Your employment with the company will be on an "at-will" basis, meaning that you can be terminated or released from your employment at any time, with or without cause or notice. Likewise, we respect your ability to leave employment at any time, for any reason, with or without notice, with the understanding that any company

Asterion, Inc. 450 Donald J. Lynch Blvd, Suite D, Marlborough, MA 01752 T. +1 (508) 490-9991 F. +1 (508) 485-5564 www.asterion.com



property (without limits), including computers, data files, documents, customer information, etc., will be immediately and completely returned to Asterion.

We are pleased to extend this offer of employment to you and look forward to your positive response at your earliest convenience. This offer of employment must be accepted within 5 days from the date of receipt, or the terms and conditions of the offer will expire.

Please sign and return an original copy of this letter to me, if it is your intent to accept this position.

Sincerely,

Don R. May, III
Vice President

Accepted: _____ March 20, 2008
Ron Thomas

Expected Start Date: March 31, 2008

Asterion, Inc. 450 Donald J. Lynch Blvd. Suite D, Marlborough, MA 01752 T. +1 (508) 490-9991 F. +1 (508) 485-5564 www.asterion.com

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN BENITO
440 Fifth Street, Room 205, Hollister, CA 95023
Telephone 831-636-4057, Fax 831-636-2046
www.sanbenito.courts.ca.gov

Ron Thomas )
) Case No. CU-10-00058
Plaintiff(s) )
)  NOTICE OF INCLUSION IN CIVIL CASE
vs. )  MANAGEMENT SYSTEM AND NOTICE
)  OF CASE MANAGEMENT CONFERENCE
Asterion, Inc., et al. )
Defendant(s) )

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that this action is included in the Civil Case Management System. San Benito Superior Court Local Rule Chapter 3 applies to this action. You are required to comply with obligations specified therein or pursuant to this Notice. **Non-compliance may result in the imposition of sanctions.**

- **Service on complaint** due on or before  5/25/10  . A copy of this Notice of Inclusion shall be served with the complaint upon the defendant(s).

- **Answer(s)** due on or before  6/28/10  .

- You are further advised that a **Case Management Conference** is scheduled for Dept. 2  7/7/10  at  3:45  p.m. Per California Rule of Court Rule 212(b), parties shall meet and confer no later than 30 calendar days before the first scheduled case management conference. A case management questionnaire shall be filed by each party with proof of service on the opposing party no later than fifteen (15) days prior to the case management conference. Counsel for each party and each self-represented party must appear at the conference. Contact the court clerk for information regarding telephonic appearances.

Dated:  3/24/10       by _____ , Deputy Clerk

Form Rev. 1/05