1

2                                                                    **E-Filed 7/30/2010**

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

| | |
|---|---|
| 12  RON THOMAS, | Case Number CV 10-01973 JF (HRL) |
| 13              Plaintiff, | |
| 14          v. | ORDER[1] TRANSFERRING ACTION TO THE DISTRICT OF MASSACHUSETTS |
| 15  ASTERION, INC., a corporation, BARRY | [re doc. no. 7 & 8] |
| 16  BLANCHA, an individual, DOE ONE through DOE FIFTY, inclusive, | |
| 17              Defendants. | |
| 18 | |

19

20        Defendant Barry Blancha ("Blancha") moves to dismiss the complaint of Plaintiff Ron

Thomas ("Thomas") pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and

21

Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  In the

22

alternative, Blancha moves pursuant to Fed. R. Civ. P. 12(e) for a more definite statement.  The

23

Court has considered the moving and responding papers and the oral arguments of counsel

24

presented at the hearing on July 23, 2010.  For the reasons discussed below and on its own

25

motion, the Court will transfer the instant action to the District of Massachusetts.

26

27

28        [1] This disposition is not designated for publication in the official reports.

1

2                                  **I. BACKGROUND**

3   **A. Factual Allegations**

4          Thomas is a citizen of California. (Compl. ¶ 5.)  Blancha resides in Massachusetts.

5   (Blancha Decl. ¶ 12, May 3, 2010.) Blancha never has owned real property in California, nor has

6   he registered to vote or conducted business in the state in his individual capacity. (Blancha Decl.

7   ¶ 12:15-18.)   On April 25, 2007, Blancha met with Thomas in California to interview Thomas

8   for a business development position with Asterion, Inc. ("Asterion").  (Blancha Decl. ¶ 8.)  At all

9   relevant times, Blancha was a director and president of Asterion, Inc. ("Asterion") a

10  Massachusetts-based corporation.  (Blancha Decl. ¶ 2.) Blancha spoke with Thomas for

11  approximately sixty minutes and left California not more than forty-eight hours later.  (Blancha

12  Decl. ¶ 8.)  Blancha was not offered the position at that time and remained with his former

13  employer, DSL Labs, which is located in Fremont, California.  (Blancha Decl. ¶ 9; Thomas Decl.

14  ¶ 1, July 7, 2010.)

15         In March 2008, Thomas was invited to reapply for the position and to visit Asterion's

16  headquarters in Massachusetts.  (Compl. ¶ 5; Blancha Decl. ¶ 10.)  Blancha had no involvement

17  in arranging the visit.  (Blancha Decl. ¶ 10.)  Thomas alleges that at some point during the eleven

18  months between his meeting with Blancha in California and his visit to Massachusetts, Blancha

19  informed him that Asterion was marketing fully operational and saleable automatic test

20  equipment ("ATE") for the semiconductor industry and that Asterion had adequate technical

21  support for the product.  (Compl. ¶ 5.)  After his interview in Massachusetts in March 2008,

22  Thomas was offered employment with Asterion and left his position with DSL Labs.  (Compl. ¶

23  5.)  Thomas' employment contract allowed him to work out of his home in Hollister, California,

24  and to earn commissions for selling Asterion's ATE.  (Compl. ¶ 5.)

25         On or about December 15, 2008, Thomas made a sale to Intersil, a Florida corporation.

26  Thomas alleges that the product delivered to Intersil was not operational, nor did it work as

27  Blancha had represented. (Compl. ¶ 6.)  After unsuccessful attempts to get the product to work,

28

                                          2

Case Number CV 10-01973 JF (HRL)
ORDER TRANSFERRING ACTION TO THE DISTRICT OF MASSACHUSETTS
(JFEX2)

1   Intersil refused to pay for it and cancelled the order.  (Compl. ¶ 6.)  Thomas asserts that during

2   the course of his employment with Asterion, he learned the ATE never had worked as

3   represented by Blancha.  (Pl.'s Opp'n 2:19, July 2, 2010.)  Thomas alleges that when he

4   complained about the defects in the product, he was terminated. (Pl.'s Opp'n 3:6-7.)

5        On March 15, 2010, Asterion filed a voluntary petition under Chapter 7 of the

6   Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts, case

7   number 10-41165 HJB (Mot. to Dismiss 2:18-20, May 13, 2010.)

8   **B. Procedural History**

9        On March 22, 2010, Thomas filed the instant action against Asterion and Blancha in the

10  San Benito Superior Court, alleging six claims for relief: (1) fraudulent concealment, (2)

11  negligent misrepresentation, (3) interference with economic advantage, (4) breach of contract and

12  the implied covenant of good faith and fair dealing, (5) promissory estoppel, and (6) violation of

13  the California Business and Professions Code § 1700, *et seq.*  On May 6, 2010, Blancha removed

14  the action to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship.

15  Blancha filed the instant motions on May 13, 2010. On May 27, 2010, Thomas voluntarily

16  dismissed Asterion as a defendant.

17

18               **II. TRANSFER ON THE COURT'S OWN MOTION**

19  **A. Legal Standard**

20       "For the convenience of parties and witnesses, in the interest of justice, a district court

21  may transfer any civil action to any other district or division where it might have been brought."

22  28 U.S.C. § 1404(a).  Section 1404(a) permits the district court to order transfer of an action *sua*

23  *sponte*. *See Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986) (Approving of lower "court's

24  handling of the improper venue issue. . . [as] analogous to the long-approved practice of

25  permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens*. . . so

26  long as the parties are first given the opportunity to present their views on the issue."); *Wash.*

27  *Pub. Utils. Group v. United States Dist. Court*, 843, F.2d 319, 3326 (9th Cir. 1987) ("[Section]

28

Case Number CV 10-01973 JF (HRL)
ORDER TRANSFERRING ACTION TO THE DISTRICT OF MASSACHUSETTS
(JFEX2)

1  1404(a) does not expressly require that a formal motion be made before the court can decide that

2  a change of venue is appropriate."); *Interstate Fire & Cas. Co. v. United Nat'l Ins. Co.*, No. 07-

3  04943, 2008 U.S. Dist. LEXIS 64632, at * 3 (N.D. Cal. Aug. 22, 2008).

4        In the Ninth Circuit, a motion for transfer pursuant to § 1404(a) lies within the discretion

5  of the district court and depends on the facts of each particular case.  *Jones v. GNC Franchising,*

6  *Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  The Court must consider both public factors, which go to

7  the interests of justice, and private factors, which go to the convenience of the parties and

8  witnesses. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.

9  1986).  Such factors may include:  (1) the location where the relevant agreements were negotiated

10  and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice

11  of forum; (4) the parties' respective contacts with the forum; (5) the contacts relating to the

12  plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the

13  two forums; (7) the availability of compulsory process to compel attendance of unwilling

14  non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum

15  selection clause; and (10) the relevant public policy of the forum state, if any.  *Jones,* 211 F.3d at

16  498-99.  *See also Micron Tech., Inc. v. Mosaid Techs., Inc.,* 518 F.3d 897, 904-05 (Fed. Cir.

17  2008). After hearing the parties' oral arguments with respect to personal jurisdiction and

18  considering the *Jones* factors, the Court concludes that this action should be transferred to the

19  District of Massachusetts.

20        While Thomas alleges that false representations were made to him in California, (Thomas

21  Decl. ¶ 3:5), and that he entered into his employment contract in Hollister, California, (Compl. ¶

22  5), all of the remaining *Jones* factors weigh in favor of transferring this action to  Massachusetts.

23  Although Thomas had a number of interactions with *Asterion*, some of which occurred or had

24  effects in California, *Blancha's* only actual contact with California was a one-hour interview with

25  Thomas in April 2007, and that interview did not result in a job offer to Thomas. Thomas does

26  not dispute that he traveled to Massachusetts approximately eleven months later, and that it was

27  only after he was interviewed in Massachusetts that he was offered a position. Blancha's contacts

28

1   with California are minimal at best.

2          Although Thomas and at least one former Asterion employee-witness reside in California,

3   Thomas' counsel acknowledged at oral argument that technical documents relating to the research

4   and development of the ATE product and relevant witnesses with respect to Asterion's corporate

5   affairs are located in Massachusetts. Moreover, the Asterion bankruptcy proceeding is pending in

6   Massachusetts. While Asterion was dismissed voluntarily from the instant action, it is likely that

7   there will be at least some overlap between the two proceedings, particularly to the extent that

8   claims of fraud in connection with the ATE product may be asserted against Asterion. Thomas

9   himself is seeking unpaid wages in the bankruptcy proceedings.

10          Assuming without deciding whether this Court could exercise personal jurisdiction over

11   Blancha under the "effects test" articulated in *Calder v. Jones*, 465 U.S. 783, 790 (1984) and as

12   construed by the Ninth Circuit in *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,

13   433 F.3d 1199, 1206 (9th Cir. 2006) (en banc), the Court would conclude that the exercise of such

14   jurisdiction would be unreasonable. Under these circumstances, rather than dismissing the action,

15   the Court will exercise its discretion to transfer it *sua sponte*.

16

17                                          **III. ORDER**

18          Good cause therefor appearing, the Clerk is hereby directed to transfer this action to the

19   United States District Court for the District of Massachusetts. Determination of Defendant's

20   remaining motions is deferred to the transferee court.

21

22          **IT IS SO ORDERED.**

23

24          DATED: 7/30/2010                          _____

25                                                    JEREMY FOGEL
                                                      United States District Judge

26

27

28

                                                5